IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                      Case No. 15-20035-JWL

**Bryce D. Draper,**

      **Defendant.**

## MEMORANDUM AND ORDER

In June 2020, the court revoked the defendant's supervised release after finding the defendant in violation of the terms of his supervised release. The court sentenced the defendant to 21 months imprisonment. Thereafter, defendant filed a motion for immediate release (doc. 115) asserting a number of grounds for his release. In response, the government contends that the motion must be dismissed based on the defendant's failure to assert a basis for the court's jurisdiction over the motion. The government also noted that the defendant, after filing his motion, had been transferred from the Core Civic Leavenworth Detention Center to a county jail in Oklahoma. See Doc. 121 (defendant's notice of change of address). The docket now indicates that the defendant is in custody at Pekin FCI in Pekin, Illinois.

The defendant now seeks an extension of time to file a reply (doc. 127) to the government's response to his motion for immediate release, arguing that he never received the response. Given the fact that the defendant has been moved twice since he filed his motion, the fact that he has not received the response is perhaps not surprising. While the court would normally direct the government to mail a copy of its response to the defendant at Pekin FCI and then provide the

defendant additional time to file a reply, the defendant has also moved for leave to file an amended emergency motion for immediate release (doc. 129).  Thus, the court believes that the most efficient way to process the defendant's motions is to moot the defendant's pending motion for immediate release and the defendant's motion for extension of time and to grant the defendant's motion to file an amended motion.  While the defendant may have intended that his motion to file an amended motion for immediate release serve as the amended motion itself (the motion to file an amended motion is 33 pages in length and contains substantive allegations), the defendant is nonetheless required to file the amended motion as a separate document.  Once he does so, the court will establish response and reply deadlines for that motion.

Defendant has also filed a motion for order to show cause (doc. 128) for a preliminary injunction and temporary restraining order against agents and employees of the Leavenworth Detention Center, the Grady County Law Enforcement Center in Chickasaw, Oklahoma, and Pekin FCI preventing those individuals from transferring defendant to another correctional facility; halting Pekin FCI from denying inmates access to the court system and loved ones; halting Pekin FCI from disobeying social distancing orders; prohibiting Pekin FCI from placing defendant into administrative segregation; and requiring the Grady County Law Enforcement Center to immediately cease "disposal methods" pertaining to incident reports or surveillance films on August 14, 2020.  In a request for a preliminary injunction, the movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the underlying action.  Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010).  Because the defendant has moved to amend his underlying allegations, the court denies as moot the motion for order to show cause.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's emergency motion for immediate release (doc. 115) is moot; defendant's motion for extension time to file rely (doc. 127) is moot; defendant's motion for order to show cause (doc. 128) is denied as moot; and defendant's motion for leave to file an amended motion for immediate release (doc. 129) is granted.

**IT IS SO ORDERED.**

Dated this 22nd day of September, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge