IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                         Case No. 15-20035-JWL

**Bryce D. Draper,**

      **Defendant.**

### MEMORANDUM AND ORDER

In June 2020, the court revoked the defendant's supervised release after finding the defendant in violation of the terms of his supervised release. The court sentenced the defendant to 21 months imprisonment. Recently, defendant filed a motion for immediate release; a motion for an extension of time to file a reply to the government's response to that motion; and a motion for leave to file an amended emergency motion for immediate release. In light of defendant's stated desire to file an amended motion for immediate release, the court mooted the motion for immediate release and the motion for extension of time to file a reply. Defendant has not yet filed his amended motion for immediate release.

Now, defendant has filed a "motion for interlocutory order and cease and desist order" (doc. 133) in which he seems to seek clarification of the court's prior rulings. To be clear, the court did not order the immediate release of defendant. Rather, the court simply ordered that defendant could file, as requested, an amended motion seeking immediate release. To the extent defendant seeks any other relief in his motion, defendant does not any identify any basis to support the court's jurisdiction over the motion and, accordingly, it is dismissed for that reason. *See*

*United States v. Benitez*, 720 Fed. Appx. 509 (10th Cir. Apr. 24, 2018) (movant has burden of establishing jurisdiction over motions in closed criminal case).

Defendant has also filed a motion "to support motion to null and void power of attorney form" (doc. 134) which is largely unintelligible.  In this motion, defendant has placed his name in the caption as the plaintiff and "Janel Renee Newton" as the defendant.  Defendant indicates that he has been the victim of identify theft and seems to want some action taken with respect to a marriage certificate or a power of attorney executed by him in 2015.  This motion is dismissed for lack of jurisdiction.  To the extent defendant wishes to pursue any of the allegations he has set forth in the motion, he would need to file a new civil case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's "motion for interlocutory order and cease and desist order" (doc. 133) is granted to the limited extent that the court has clarified its prior rulings and is otherwise dismissed for lack of jurisdiction; and defendant's motion "to support motion to null and void power of attorney form" (doc. 134) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 21st day of October, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge