IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                            Case No. 15-20035-JWL

**Bryce D. Draper,**

      **Defendant.**

### MEMORANDUM AND ORDER

In June 2020, the court revoked the defendant's supervised release after finding the defendant in violation of the terms of his supervised release. The court sentenced the defendant to 21 months imprisonment. He is now in custody at Pekin FCI in Pekin, Illinois.

This matter is now before the court on a "declaration and demand" filed by the defendant (doc. 137) which, based on the substance of the filing, has been docketed as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). That statute allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id*. In his pro se motion, the defendant does not allege or in any way suggest that he has exhausted his administrative remedies with the BOP prior to filing his motion. Accordingly, the court must dismiss his motion without prejudice to refiling upon a showing of exhaustion. *See United States v. Springer*, 820 Fed. Appx. 788 (10th Cir. July 15, 2020) (suggesting in dicta that dismissal is required where movant fails to exhaust

administrative remedies); *see also United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (holding that dismissal without prejudice is appropriate when compassionate-release movants fail to exhaust administrative remedies).[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release (doc. #137) is hereby **dismissed without prejudice to refiling**.

**IT IS SO ORDERED.**

Dated this 21st day of December, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

---

[1] The defendant never filed a reply brief to the government's response to his motion. But on December 18, 2020, one week after the reply deadline, the court received a letter from the defendant in which he again asks the court for immediate release. To the extent the letter is intended to serve as a reply, the defendant does not indicate that he has requested compassionate release from the BOP in the first instance. The court otherwise takes no action with respect to the letter and the defendant is advised that any relief sought must be properly brought before the court in the form of a motion that should be filed with the Clerk of the Court.