IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-20035-JWL |
| | ) | |
| BRYCE D. DRAPER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's *pro se* motions for compassionate release (Doc. # 144) and for dismissal (Doc. # 146). For the reasons set forth below, the Court **denies** both motions.

### I.     **Background**

Defendant pleaded guilty in 2016 to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the Court subsequently sentenced defendant to a 30-month term of imprisonment and a three-year term of supervised release. Defendant completed his prison sentence, but in August 2018, the Court revoked defendant's supervised release based on numerous violations. The Court sentenced defendant on the revocation to an 18-month term of imprisonment and a one-year period of supervised release. The Tenth Circuit upheld the revocation sentence. *See United States*

*v. Draper*, 768 F. App'x 828 (10th Cir. 2019). Defendant completed that prison sentence, but on June 29, 2020, the Court again revoked defendant's supervised release, based on multiple violations. The Court sentenced defendant to a 21-month term of imprisonment with no period of supervised release. Defendant appealed this sentence, but the Tenth Circuit dismissed the appeal and enforced the appeal waiver in defendant's plea agreement by which he pleaded guilty to the original offense. *See United States v. Draper*, 2020 WL 7238270 (10th Cir. Dec. 9, 2020).

On August 6, 2020, defendant filed a *pro se* motion for immediate release. After the Government responded, defendant moved for leave to amend his motion for release. On September 22, 2020, the Court granted defendant leave to file a new motion for release and mooted the original motion. On November 12, 2020, defendant filed a "Declaration and Demand," which the Court addressed as motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). On December 21, 2020, the Court dismissed that motion for lack of jurisdiction, without prejudice to refiling, based on defendant's failure to show that he had satisfied the statute's exhaustion requirement.

On January 11, 2021, defendant filed a *pro se* motion for compassionate release and a separate *pro se* motion to dismiss. The Government filed a joint response to the motions, and defendant filed a reply brief.[1]

---

[1] Defendant has filed various other documents as well, although in none of those documents has he sought specific relief from the Court pursuant to any cited basis for jurisdiction. Moreover, in his reply brief, defendant has argued only with respect to the motion for compassionate release and the motion to dismiss. Thus, the Court addresses only those two motions.

## II.    **Motion for Compassionate Release**

In his motion for compassionate release, defendant states that he seeks relief pursuant to Section 12003 of the CARES Act. That section of the Coronavirus Aid, Relief, and Economic Security (CARES) Act authorizes the Bureau of Prisons (BOP) to lengthen the maximum amount of time for which an inmate may be moved to home confinement by the BOP pursuant to 18 U.S.C. § 3624. *See* Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). That provision does not grant this Court jurisdiction, however, to order home detention for an inmate (or to provide any other relief). *See United States v. Richardson*, 2020 WL 5038914, at *1 (D. Kan. Aug. 26, 2020) (Lungstrum, J.). The Court therefore addresses defendant's motion under Section 3582(c)(1)(A), which does authorize a district court to reduce an inmate's sentence and thus to provide compassionate release from imprisonment.

The Court first addresses the issue of exhaustion. 18 U.S.C. § 3582(c)(1)(A) allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.* In his verified motion, defendant argues that he has satisfied this requirement, and he has provided a copy of his warden's denial, dated November 16, 2020, of his request for a sentence reduction based on concerns about the COVID-19 coronavirus.

The Government argues that defendant has failed to show satisfaction of this requirement because the warden's denial addressed only general concern about the

pandemic; defendant did not provide a copy of his request; and thus defendant has not shown that his request to the warden was based on the same basis – defendant's specific medical conditions – on which defendant relies for his motion.  In his denial, however, the warden stated that he was considering defendant's request under guidelines requiring particular medical showings, and of course the warden had access to defendant's prison medical records.  Thus, it reasonably appears that defendant sought relief from the warden for the same general reason asserted here, namely his increased risk from the coronavirus based on his particular circumstances.  The Court will therefore consider the merits of defendant's motion for compassionate release.

Section 3582(c)(1)(A) provides that a court may reduce a term of imprisonment for "extraordinary and compelling reasons."  *See id.*  The moving defendant bears the burden of establishing that such relief is warranted under the statute.  *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases).  A court exercises its discretion in ruling on such a motion.  *See id.* (citing cases).  The applicable statute provides that a court, after considering the applicable Section 3553(a) factors, may reduce a sentence if it finds that extraordinary and compelling reasons warrant the reduction and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *See* 18 U.S.C. § 3582(c)(1)(A).  The applicable policy statement may be found at U.S.S.G. § 1B1.13.  In Section 1B1.13, the Sentencing Commission added the requirement that the defendant not be a danger to the safety of another person or the community.  *See id.*

4

The Court concludes in its discretion that defendant has failed to meet his burden to show an extraordinary and compelling reason for a reduction of his revocation sentence to time served and immediate release from prison.  Defendant bases his motion on his risk of harm from the ongoing coronavirus pandemic, and he states that he has an infected dental cavity that needs a root canal and has experienced symptoms of a stroke.  The medical records provided by defendant, however, do not establish any need for a root canal or show treatment for any symptoms of a stroke.  Nor has defendant cited any authority (for instance, from the CDC) to support a claim that his particular medical conditions increase his risk of harm from the virus.  Nor has defendant shown that he meets one of the conditions set forth in the policy statement as an example of an extraordinary and compelling reason.  Thus, defendant has not shown a particularized increased risk of harm necessitating his immediate release.

Moreover, even if his medical condition did make him particularly susceptible, the Court would deny relief in its discretion.  Upon his release from prison in the past, defendant repeatedly engaged in criminal conduct in violation of the terms of his supervised release.  Thus, a consideration of the Section 3553(a) factors leads to the conclusion that a reduction to time served would not result in an appropriate sentence for defendant's offenses.  The prior revocations also contradict defendant's claim that he would not present a danger to the community upon his release.  Finally, the Court notes that although defendant seeks release because of a concern about the coronavirus, defendant has not explained why he refused a vaccination offered to him.  Accordingly, the Court denies defendant's motion for compassionate release.

### III.   **Motion to Dismiss**

Defendant moves to dismiss the case against him pursuant to the Fifth and Sixth Amendments to the Constitution.  Defendant has not cited any authority on which the Court could base its jurisdiction over the motion, however.  Because defendant appears to request that his revocation and revocation sentence be vacated, the Court considers defendant's motion to be a motion pursuant to 28 U.S.C. § 2255.  That statute entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  *See id.* § 2255(b).

The Court first notes that defendant's argument could have been raised on direct appeal, and thus those issues generally do not present issues for collateral attack under Section 2255.  *See United States v. Bolden*, 472 F.3d 750, 751 (10th Cir. 2006).  Moreover, just as defendant waived the right to appeal in his plea agreement, as noted by the Tenth Circuit in dismissing defendant's direct appeal of the revocation judgment, he also waived the right to bring any collateral attack, and defendant has not explained why that waiver should not be enforced here.  The Government has not sought to enforce that waiver, however, and the Court therefore addresses defendant's arguments.

Defendant's main argument appears to be that he was not given *Miranda* warnings when he was arrested in June 2020 and before signing a form in which he admitted to marijuana and methamphetamine use, which form was used as evidence at his revocation hearing.  The central principle of *Miranda* is that if a defendant has been interrogated while

6

in custody without being informed of certain rights, the defendant's responses may not be used to establish his guilt. *See Berkemer v. McCarty*, 468 U.S. 420, 429 (1989). Defendant has not shown that he was subjected to a custodial interrogation concerning his violations of supervised release. Defendant admitted to the use of marijuana and methamphetamine – and signed a form to that effect – in March 2020, while defendant was not in custody and well before any June 2020 arrest. At the revocation hearing, while represented by counsel, defendant effectively conceded the violation. That Grade B violation was the most serious violation found by the Court, and it therefore drove the guideline sentencing range for the revocation (the Court sentenced defendant at the low end of that range). Defendant has not shown, however, that that violation was based on evidence obtained in violation of *Miranda*.

Defendant also states that eight of his treatment classes were canceled because of the COVID pandemic, and he thus appears to take issue with a violation for failing to complete treatment. Defendant has not shown that he had no opportunity to complete the treatment nevertheless. Moreover, the Court found multiple violations, and even if this violation were removed, defendant's sentencing range would have remained the same. Thus, even if defendant could establish an error by the Court with respect to this violation, he would not be entitled to have his sentence vacated.

Defendant also complains that he was sentenced for violating contractual terms to which he did not agree. The terms violated by defendant, however, were not set by contract, but were imposed by the Court as part of defendant's sentence. Defendant's lack of agreement to the specific terms is irrelevant.

7

Accordingly, defendant has not established an entitlement to relief under Section 2255 with respect to the revocation of his supervised release and resulting sentence. The Court therefore denies defendant's motion to dismiss.[2]

Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because it is clear that defendant is not entitled to relief, the Court denies a certificate of appealability in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for compassionate release (Doc. # 144) is hereby **denied**.

IT IS FURTHER ORDERED THAT defendant's motion to dismiss (Doc. # 146) is hereby **denied**.

---

[2] Because the petition and records of this case show conclusively that defendant is not entitled to relief, the Court need not conduct a hearing. *See* 28 U.S.C. § 2255(b).

[3] The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED.


Dated this 18th day of February, 2021, in Kansas City, Kansas.


*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge